# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | | |
|---|---|---|
| Courtney Roehrig | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.   3:17-cv-00786-DJH |
| | ) | |
| Deatrick & Spies, P.S.C. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     L. Tyler Spies | ) | |
|     1587 Story Avenue | ) | |
|     Louisville, KY 40206 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*     \*     \*     \*     \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Venue is proper, because the nucleus of relevant facts and events which affected and/or damaged Plaintiff as a consumer occurred in Oldham County, Ky., which is located within this District.

### PARTIES

3.      Plaintiff Courtney Roehrig is a natural person who resides in Oldham County, Ky. Ms. Roehrig is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant, Deatrick & Spies, P.S.C. ("D&S"), is a domestic law firm and professional services corporation which has registered with the Kentucky Secretary of State. D&S is engaged in the business of *inter alia* collecting debts on behalf of creditors in the Commonwealth of Kentucky. D&S's principal place of business is located at 1587 Story Avenue, Louisville, KY 40206.

5.      D&S's principal purpose is the collection of "debt" and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6.      On February 13, 2013, Cash Express, LLC ("Cash Express"), by and through attorney Franklin S. Yudkin of Franklin S. Yudkin & Associates, P.S.C. ("Yudkin"), filed suit against Ms. Roehrig in the Oldham District Court of Oldham County, Kentucky under case number 13-C-00138 (the "State Court Lawsuit"). A true and accurate copy of Cash Express's complaint in the State Court Lawsuit is attached as Exhibit "A."

7.      Cash Express's complaint in the State Court Lawsuit was an attempt to collect a charged-off check loan.

8.      The charged-off Cash Express loan was used for personal, family, and/or household purposes, which makes the charged-off loan a "debt" within the meaning of the FDCPA.

9.      Cash Express was granted default judgment against Ms. Roehrig in the State Court Lawsuit on April 2, 2013 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached as Exhibit "B."

10.     The Default Judgment provides in pertinent part:

    This cause of action coming to be heard on the pleadings, and
    the above-captioned Defendant having been served with process, and
    having failed to appear, it is adjudged by the Court that the
    Plaintiff recover of the Defendant the sum of $576.15, returned
    check fee of $12.00, with interest thereon the principal only at
    the rate of 8.00% per annum from 02/07/2013 and interest under KRS
    360.040, at 12% per annum, from the date of Judgment until
    satisfied; and for all costs herein expended by Plaintiff, for all
    of which execution may be had.  This is a final and appealable
    order of this Court and there is no just reason for delay.

11.     Although the Default Judgment awards "costs herein expended" to Cash Express, no amount of court costs is included or set forth in the Default Judgment.

-2-

12.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04 requires the prevailing party to prepare and serve a bill of costs on the party liable for such costs, stating:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

13.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the type of costs sought and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

14.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

15.     Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

16.     A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

17.     As of the date of filing of this action no bill of costs has ever been filed by Cash Express or Yudkin in the State Court Lawsuit in order to obtain a supplemental judgment for a sum certain of its costs.

18.     On August 17, 2017, attorney Craig Clark of the Defendant law firm of Deatrick & Spies, P.S.C. ("D&S") entered his appearance for Cash Express in the State Court Lawsuit. A true and accurate copy of Mr. Clark's entry of appearance is attached as Exhibit "C."

19.     On August 18, 2017, an attorney from D&S sent a collection letter to Ms. Roehrig

in an attempt to collect the Default Judgment. A copy of the August 18, 2017 letter is attached hereto as Exhibit "D."

20.     The August 18, 2017 letter asserts that the amount due and owing on the Default Judgment as of that date was $1,093.85.

21.     Upon information and belief, the amount of $1,093.85 stated in the August 18, 2017 letter from D&S includes self-awarded court costs for which neither Cash Express nor Yudkin nor D&S ever filed a Bill of Costs.

22.     Upon information and belief, the amount of $1,093.85 stated in the August 18, 2017 letter from D&S also includes collection expenses which include, but are not limited to, fees for recording of judgment liens, fees for filing garnishments, fees to garnishee defendants paid pursuant to KRS 425.501(3), and other miscellaneous expenses or administrative fees, none of which are recoverable as court costs, under Kentucky law.

23.     On September 5, 2017, Ms. Roehrig sent D&S a response to the August 18, 2017 letter in which she requested validation of the debt and of the balance D&S sought to collect from her.

24.     On September 8, 2017, attorney Amanda Baker of D&S responded to Ms. Roehrig's letter of September 5, 2017. A copy of D&S's response is attached hereto as Exhibit "E."

25.     The September 8, 2017 letter from D&S stated *inter alia* that Ms. Roehrig owed Cash Express "court costs currently totaling $196.25."

26.     The amount of "court costs" of $196.25 stated in D&S's letter of September 8, 2017 includes self-awarded court costs for which neither Cash Express nor Yudkin nor D&S ever filed a Bill of Costs.

27.     Upon information and belief, the amount of $196.25 also includes collection expenses which include, but are not limited to, fees for recording of judgment liens, fees for filing garnishments, fees to garnishee defendants paid pursuant to KRS 425.501(3), and other miscellaneous expenses or administrative fees, none of which are recoverable as court costs under Kentucky law.

28.     On December 6, 2017, D&S, on behalf of Cash Express, filed and served a wage garnishment on Ms. Roehrig's employer (the "Wage Garnishment"). A true and accurate copy of the Wage Garnishment is attached as Exhibit "F."

29.     The Wage Garnishment provides in pertinent part:



30.     The "Amount Due" of $1,108.63 stated in the Wage Garnishment includes self-awarded court costs for which neither Cash Express nor Yudkin nor D&S ever filed a Bill of Costs.

31.     Upon information and belief, the "Amount Due" of $1,108.63 stated in the Wage Garnishment also includes collection expenses which include, but are not limited to, fees for recording of judgment liens, fees for filing garnishments, fees to garnishee defendants paid pursuant to KRS 425.501(3), and other miscellaneous expenses or administrative fees, none of which are recoverable as court costs under Kentucky law.

32.     The "Probable Court Costs" of $20.98 stated in the Wage Garnishment include the cost of filing the Wage Garnishment with the clerk of court, which cost is either not recoverable under Kentucky law, or for which no supplemental Bill of Costs was filed.

33.     The "Probable Court Costs" of $20.98 stated in the Wage Garnishment include collection expenses which include, but are not limited to, a fee of $10.00 paid to the garnishee defendant in the Wage Garnishment pursuant to KRS 425.501(3), fees for service of the Wage Garnishment, and/or other collection expenses, none of which are recoverable as "court costs" under Kentucky law.

34.     D&S violated the FDCPA by **(i)** including court costs in the amount due in the Wage Garnishment and in its collection letters to Ms. Roehrig where no timely Bill of Costs was filed in the State Court Lawsuit; **(ii)** including collection expenses in the amount due in the Wage Garnishment and in its collection letters to Ms. Roehrig which are not recoverable under Kentucky law; **(iii)** falsely representing the amount due in the Wage Garnishment and in its collection letters to Ms. Roehrig; and **(iv)** attempting to collect more under the Default Judgment that it had any legal right to collect from Ms. Roehrig.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

35.     The above-described actions by Deatrick & Spies, P.S.C. ("D&S") constitute violations of the Fair Debt Collection Practices Act.

36.     Defendant D&S's violations of the FDCPA include, but are not limited to, the following:

A.     Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B.     Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C.     Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D.     Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E.     Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F.     Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

G.     Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an unauthorized amount (including any interest, fee, charge, or expense incidental to the principal obligation) in connection with the collection of a debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Courtney Roehrig requests that the Court grant her the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3.     Award Plaintiff her reasonable attorney's fees and costs pursuant 15 U.S.C. §

1692k(a)(3);

    4.       A trial by jury; and

    5.       Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com